UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PARISH DISPOSAL INDUSTRIES, LLC | : | DOCKET NO. 2:13-cv-03068 |
| VS. | : | JUDGE MINALDI |
| BFI WASTE SERVICES, LLC et al. | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM ORDER**

Before the court is a motion for leave to amend [doc. 11] and a motion to remand [doc. 12] filed by plaintiff Parish Disposal Industries, LLC (hereafter, "plaintiff"). Named defendants in this matter are: (1) Danny Hylton (hereafter, "Hylton"), the Executive Director of the Jefferson Davis Parish Sanitary Landfill Commission; (2) BFI Waste Services, LLC; (3) BFI Waste Systems of Louisiana, LLC; and (4) BFI Waste Systems of North America, LLC (hereafter, collectively, "BFI").

For the following reasons, **IT IS ORDERED** that the motion for leave to amend, [doc. 11], and the motion to remand, [doc. 12], are **DENIED**.

**I. BACKGROUND**

**A. State Court Suit and Removal**

Plaintiff is a Louisiana Limited Liability Company engaged in the business of collection, transportation, and disposal of solid waste. Doc. 1, att. 2, p. 2. Plaintiff provides dumpsters to various businesses, then transports and offloads the dumpsters onto landfills located throughout Louisiana. *Id.* As per standard business practices, the landfills charge plaintiff a fee for the right to offload waste at their site, commonly known as a "tipping fee." *Id.* at 2–3.

-1-

The dispute in this case concerns the tipping fees charged at the Jefferson Davis Parish Sanitary Landfill (hereafter, "the landfill"), located in Welsh, Louisiana.  The landfill is owned by the Jefferson Davis Parish Sanitary Landfill Commission (hereafter, "the Landfill Commission") and operated by defendant BFI, a waste-disposal company and business competitor of the plaintiff.  *Id* at 2.  BFI has been operating the landfill since 1989 pursuant to a "Sanitary Landfill Operating and Maintenance Agreement" (hereafter, "the agreement") with the Landfill Commission.  *Id.*; *see also* doc. 20, att. 1, p. 3, ¶ 11; doc 20, att. 3.  Under paragraph 5 of the agreement, as modified by the 14th addendum thereto, the tipping fee for residential waste generated within the "commission governmental area" is contractually fixed; however, BFI is given the authority to set the tipping fees for residential and commercial waste generated outside the governmental area.[1]  Doc. 20, att. 1, p. 3; *see also* doc. 20, att. 3, pp. 86–89.

Plaintiff alleges that BFI enjoys an unfair business advantage as a result of this arrangement because BFI is often able to charge itself dramatically lower tipping fees than it charges other waste haulers.  Doc. 1, att. 2, p. 2.  Plaintiff claims that the ability to charge itself lower tipping fees has allowed BFI to consistently outbid plaintiff and other competitors for lucrative contracts in the southwest Louisiana region.  *Id.* at 3.

On October 10, 2013, plaintiff sued BFI in the 14th Judicial District Court for Calcasieu Parish, Louisiana, alleging that BFI's tipping-fee practices constitute an illegal restraint of trade under Louisiana Revised Statute Section 51:122 *et seq*.  *Id.* at 1–5.  Plaintiff also asserted a claim

---

[1] The "commission governmental area" consists of Jefferson Davis Parish, excluding the town of Elton.  Doc. 20, att. 3, p. 32. In addition to Jefferson Davis Parish, the landfill is also authorized to accept waste generated in the following Parishes: Acadia; Allen; Avoyelles; Beauregard; Calcasieu; Cameron; Evangeline; Iberia; Lafayette; Rapides; St. Landry; St. Martin; Vermilion; and Vernon. Doc. 20, att. 3, pp. 5, 42, 62.

The agreement defines "residential" waste as "solid waste generated by the occupants of a single or multi-unit residences [sic] or as a result of community activities. Doc. 20, att. 3, p. 32. Commercial waste is defined as "solid waste generated by businesses involved in the exchange or distribution of goods, services, or commodities" except for industrial by-products. *Id.*

against Danny Hylton, the Executive Director of the Landfill Commission and a Louisiana domiciliary. Plaintiff also alleged that Hylton is "an employee of BFI." *Id.* at 3. Plaintiff claimed that it "spoke directly to [Hylton] in an effort to obtain a price equivalent to that which BFI was charging itself," but that Hylton refused and "continued to set prices for BFI that were significantly less than those being charged to [plaintiff]." *Id.* Plaintiff therefore argued that Hylton should be held liable *in solido* with BFI because he "participated in, authorized, and performed acts which constitute the [antitrust] violation in question."[2] *Id.*

After it was served with plaintiff's petition, BFI timely removed the suit to this court. Doc. 1. BFI argued in its notice of removal that the exercise of diversity jurisdiction is appropriate under 28 U.S.C. § 1332 because: (1) it is facially apparent that the amount in controversy exceeds $75,000; and (2) plaintiff, a citizen of Louisiana, is diverse from BFI, a citizen of Arizona and Delaware.[3] Doc. 1, pp. 3–8. BFI asserts that Hylton's Louisiana citizenship should be disregarded because he was improperly joined in this matter. Doc. 1, pp. 5–6. The basis for this contention is that, contrary to plaintiff's allegations, Hylton is employed by the Landfill Commission alone and *not* by BFI. As such, BFI argues that Hylton cannot be liable for setting preferential tipping fees because Hylton does not set tipping fees on BFI's behalf. *Id.*

---

[2] Under Louisiana law, "[w]henever a corporation violates [the Louisiana antitrust laws] the violation shall also be that of the individual officers, directors, or agents of the corporation who authorized, ordered, or did any of the acts constituting in whole or in part a violation." La. R.S. § 51:126.

[3] There were three BFI entities named in the petition, namely: (1) BFI Waste Services, LLC; (2) BFI Waste Systems of Louisiana, LLC; and (3) BFI Waste Systems of North America, LLC. Doc. 1, p. 1. All three of these limited liability companies trace their citizenship to that of their sole member: Allied Waste North America, Inc. *Id.* at pp. 4–5; *Harvey v. Grey Wolf Drilling*, 542 F.3d 1077 (5th Cir. 2008). Allied Waste North America, Inc. is a Delaware Corporation with its principal place of business in Phoenix, Arizona. Doc. 1, pp. 4–5. Accordingly, the BFI defendants (who are referred to collectively herein as "BFI") are citizens of Delaware and Arizona for diversity purposes. 28 U.S.C. § 1332(c)(1).

### B. Plaintiff's Motion to Remand and Motion to Amend

In the current motions before the court plaintiff argues that it has adequately stated a cause of action against Hylton and, therefore, the case must be remanded. Doc. 12, att. 2. Alternatively, plaintiff seeks to amend its complaint to add the Landfill Commission itself as a defendant. Doc. 11, att. 2, p. 3. Plaintiff argues that, if it is granted leave to amend, remand would also be required because the Landfill Commission is a Louisiana domiciliary. Doc. 12, att. 2, pp. 6–7.

BFI maintains that Hylton was improperly joined and that complete diversity exists among the properly joined parties. Doc. 22. BFI further argues that plaintiff should not be granted leave to amend because the proposed claims have no basis in law and plaintiff's sole purpose for amending is to destroy diversity. *Id.*

## II. LAW & ANALYSIS

The burden of proof for establishing federal jurisdiction is placed on the party seeking removal. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If removal is based on diversity of citizenship, the action is removable only if there is complete diversity and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

### A. Improper Joinder

If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or

"an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)).  Only the latter method is relevant here insofar as BFI did not allege actual fraud in the pleading.  Thus, the relevant question is whether plaintiff has any possibility of recovery against Hylton in state court.

In analyzing this issue, courts in the Fifth Circuit determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573.  The burden of persuasion on a party asserting improper joinder is a "heavy one." *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009); *see also B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981);  *Scott v. Chevron U.S.A., Inc.*, 824 F. Supp. 613, 614 (N.D. Miss. 1993); 15 *Moore's Federal Practice* § 102.21[5][a] (3d ed. 2011). All factual allegations are evaluated in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in the plaintiff's favor.  *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir. 2005).  However, when considering an improper-joinder claim, courts may "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony."  *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Moreover, "there must be a *reasonable* possibility of recovery, not merely a *theoretical* one."  *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis in original) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

Even under the exacting standard for improper joinder claims, it is plain that Hylton was improperly joined. Plaintiff argues that the court must accept its factual allegations as true and that it is the state court's prerogative to determine whether Hylton should be named in the suit. Doc. 12, att. 2, pp. 3–5. Plaintiff's argument ignores the fact that the court is authorized to consider evidence outside the pleadings when determining the propriety of joinder. *See, e.g.*, *Cavallini*, 44 F.3d at 263.

BFI has submitted a declaration from Hylton in which he states that he has never been an employee of BFI, that he has never set tipping fees at the landfill, and that he has never had the authority to do so. Doc. 20, att. 1, p. 3. BFI also provides a complete copy of its agreement with the Landfill Commission, the terms of which support Hylton's contention that he is not involved in the setting of tipping fees. *See* doc. 20, att. 3. Under the agreement, BFI is given the exclusive authority to set tipping fees for waste generated outside a delineated area, and tipping fees for residential waste generated within the delineated area are contractually fixed and may not be changed by any party. *Id.* at pp. 86–89.

Plaintiff has not presented any evidence to refute that which was put forward by BFI.[4] Its motion simply argues that the court must accept its conclusory allegations as true and find that recovery is reasonably possible, an argument that has no statutory or jurisprudential support. Considering the uncontroverted evidence that Hylton is not a BFI employee and does not set tipping fees, plaintiff's claims against Hylton lack merit. Hylton cannot be solidarily liable for BFI's alleged violation of the Louisiana antitrust laws because Hylton is not an officer, director, or agent of BFI.[5] *See* La. R.S. § 51:126. Furthermore, it is clear that Hylton himself does not

---

[4] Plaintiff did not file a reply to BFI's opposition.
[5] In its motion for remand, plaintiff also argues (for the first time) that Hylton could be held liable under *Canter v. Koehring Co.,* 283 So. 2d 716 (La. 1973), *superseded by statute on other grounds*, *see Bostick v. Int'l Minerals and Chemical Corp.*, 360 So. 2d 898, 901 (La. 1978) (setting forth the circumstances in which a corporate employee may

"set" any tipping fees; that authority has been delegated to BFI alone.  As such, it cannot be genuinely argued that Hylton was involved in the conduct that plaintiff claims constituted an antitrust violation.

Accordingly, the court holds that Hylton was improperly joined in this matter.  The court will therefore issue a concurrent report and recommendation that plaintiff's claims against Hylton be dismissed.

### B. Motion to Amend

On the same day it filed the motion to remand, plaintiff filed a motion to amend its complaint.  Doc. 11.  Plaintiff argues that if it is allowed to add the Landfill Commission as a defendant then the case must be remanded because diversity would be destroyed.  Doc. 12, pp. 1–2.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); *see also Whitworth v. TNT Bestway Transp., Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) (noting that amendments which divest the court of diversity jurisdiction may only be granted with the court's leave).  Leave to amend is within the court's discretion but the court should freely grant it when justice so requires.  Fed. R. Civ. P. 15(a)(2).  However, "although a district court's discretion to deny leave to amend is limited, leave to amend is *not* automatic." *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 291 (5th Cir. 2006) (emphasis in original) (internal citation omitted).  In exercising its discretion, the court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the

---

be held personally liable for the breach of an employment-imposed duty).  To begin with, because the court finds that defendants have satisfactorily established that Hylton has never been a BFI employee, *Canter* is inapplicable.  Furthermore, as BFI correctly points out, *Canter* is also inapplicable because the Fifth Circuit limits the imposition of *Canter* liability to bodily injury claims.  *See Kling Realty Co. v. Chevron, USA, Inc.*, 575 F.3d 510, 515–16 (5th Cir. 2009) (citing *Unimobil Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986)).

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir. 1981).

The court considers plaintiff's stated causes of action against the Landfill Commission to be insupportable. Plaintiff claims: (1) that the Landfill Commission was "negligent" in allowing BFI to charge itself lower tipping fees; and (2) that the Landfill Commission breached "its duty to the public by effectively denying the public access to a public landfill through its acquiescence to disparate pricing." Doc. 11, att. 2, p. 3. Plaintiff fails, however, to set forth *any* legal authority that there exists any "public landfill" duty or whether the Landfill Commission owed any general tort duty to plaintiff that could possibly have been breached. Accordingly, the amendment would be wholly futile, because the proposed claims would fail to state a claim upon which relief may be granted. *Stripling v. Jordan Production Co.,* LLC, 234 F.3d 863, 873 (5th Cir. 2000) (citation omitted) (holding that an amendment is futile if it fails to satisfy the standard under Fed. R. Civ. P. 12(b)(6)).

Moreover, even if plaintiff stated an arguably viable cause of action, leave to amend would not necessarily be granted under the circumstances of this case. When faced with a post-removal amendment that would destroy diversity, the court "should scrutinize the amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987); *see also Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991) (noting that it is appropriate to apply *Hensgens* when weighing a claim under 28 U.S.C. § 1447(e)). The court should balance a number of factors to determine whether to give more weight to defendant's interest in maintaining the federal forum or the competing interest of having all related matters determined in a single suit. *Hensgens*, 833 F.2d at 1182. These factors include:

(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;

(2) whether plaintiff has been dilatory in seeking amendment;

(3) whether plaintiff will be significantly injured if amendment is not allowed; and

(4) any other factors bearing on the equities.

*Id.* If, after weighing these factors, the court allows the amendment and adds the non-diverse defendant then the court must then remand the case to the state court. *Id.* If the amendment is not allowed, the federal court maintains jurisdiction. *Id.*

The following application of *Hensgens* further supports the court's conclusion that plaintiff's motion for leave to amend should be denied.

### *1. Purpose of the Amendment & Whether Amendment is Dilatory*

When conducting a *Hensgens* analysis, courts consider "whether plaintiff has been dilatory in seeking amendment." *Hensgens*, 833 F.2d at 1182. In considering this factor, "courts often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between removal and the amendment." *See Tomlinson*, 2006 WL 1331541 at *4.

Plaintiff filed its state court petition on October 10, 2013, and BFI removed the case on November 13, 2013. Doc. 1. On December 11, 2013—two months after plaintiff filed suit and nearly one month after removal—plaintiff filed its motion to amend. Doc. 11. The court does not consider such a delay "dilatory;" however, that factor is not dispositive because it is clear to the court that the sole purpose of the amendment is to destroy diversity.

In analyzing whether the purpose of amendment is to destroy diversity, courts consider "whether the proposed amendment presents a valid cause of action." *See, e.g.*, *Mallery v. Becker*, 2014 WL 60327 at *2 (W.D. La. 1/7/2014) (citing *Tillman*, 929 F.2d at 1029; *Kling Realty Co.*,

*Inc. v. Texaco*, 2007 WL 4553611 (W.D. La. 2007)). If the amendment presents a valid claim, "it is unlikely that the *primary* purpose of [the amendment] is to destroy diversity jurisdiction." *Schindler v. Charles Schwab & Co., Inc.*, 2005 WL 1155862 at *3 (E.D. La. 2005) (emphasis in original) (internal citations omitted). Additionally, courts consider "whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Laborde v. Treadwell Restaurants of LA, LLC*, 2013 WL 1452024 at *4 (W.D. La. 4/9/2013) (quoting *Schindler*, 2005 WL 1155862 at *3). "[A] plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knows of a non-diverse defendant's identity . . . suggests that the purpose of the amendment is to destroy diversity." *Tomlinson v. Allstate Indem. Co.*, 2006 WL 1331541 at *3 (E.D. La. 2006) (citing *Schindler*, 2005 WL 1155862 at *3).

As discussed above, plaintiff's claims against the Landfill Commission do not present a valid cause of action. Furthermore, there is no doubt that plaintiff knew the identity of the Landfill Commission from the beginning because the Landfill Commission is specifically mentioned throughout plaintiff's state-court petition. *See* doc. 1, att. 2, pp. 1–5. The fact that plaintiff did not attempt to add claims against the Landfill Commission until after removal strongly suggests that the sole purpose of the amendment is to destroy diversity, particularly considering that the proposed amendment was brought simultaneously with the motion to remand. Had plaintiff genuinely wished to advance a negligence claim against the Landfill Commission, there is no reason why it could not have done so at the outset. Plaintiff's proposed amendment does not state any new factual allegations other than that the Landfill Commission was "fully aware of the disparity in prices being charged by BFI to itself and its competitors." Doc. 11, att. 2, p. 2. Plaintiff offers no explanation as to why it did not bring this claim until

after removal, nor is the court able to conceive of one. Accordingly, the court finds that the sole purpose of the amendment is to destroy diversity, which strongly weighs against granting leave to amend in this case.

### *2. Prejudice to Plaintiff and Other Equitable Factors*

Here, the proposed amendment does not seek any different or additional relief, and plaintiff has not argued that the presence of the Landfill Commission is necessary for a complete adjudication of this matter. *See* doc. 11. Plaintiff has not argued that there are equitable reasons for allowing it to amend. *Id.* On the other hand, BFI argues that it has a strong interest in exercising the right to a neutral federal forum. Doc. 22, p. 16.

The third and fourth *Hensgens* factors weigh against granting the amendment. Denial of the amendment will not significantly injure the plaintiff, and there are no equitable issues present here. If the amendment is not allowed, plaintiff will still be able to fully litigate its antitrust claims against BFI in federal court. *See* 28 U.S.C. § 1447(e).

### III. CONCLUSION

For the foregoing reasons:

**IT IS ORDERED** that plaintiff's motion for leave to amend, [doc. 11] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to remand, [doc. 12], is **DENIED.**

A Report and Recommendation that Hylton be dismissed will issue for reasons stated above.

THUS DONE this 27th day of May, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE