RECEIVED
IN LAKE CHARLES, LA.

DEC -5 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PARISH DISPOSAL INDUSTRIES, LLC, | * | CIVIL ACTION NO. 2:13-cv-3068 |
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| BFI WASTE SERVICES, LLC, ET AL., | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [Doc. 26] filed by the defendants, BFI Waste Services, LLC; BFI Waste Systems of Louisiana, LLC; and BFI Waste Systems of North America, LLC, (collectively, "BFI"), to which the plaintiff has filed no objection. For the following reasons, the Motion [Doc. 26] be and hereby is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

Parish Disposal Industries, LLC ("PDI"), transports and disposes of solid waste.[1] The company provides various sizes of dumpsters and roll-off containers to businesses then transports and disposes of waste at either a municipal solid waste landfill, or a construction and demolition debris landfill.[2] When trying to secure contracts with larger customers, PDI competes against other waste haulers through a bidding process.[3]

BFI is a waste hauler who competes against PDI.[4] In addition to waste hauling, BFI also operates the Jefferson Davis Parish Sanitary Landfill ("Landfill").[5] Because it operates the

---

[1] Compl. [Doc. 1-2] ¶ 3.
[2] *Id.*
[3] *Id.* ¶¶ 5-6.
[4] *Id.* ¶ 4.
[5] *Id.* ¶ 7.

1

Landfill, BFI sets the rates at which various waste haulers will pay to dump their waste.[6] BFI charges itself a lower price to dump at the Landfill than that which it charges other waste haulers, including PDI.[7] BFI consistently wins the larger waste disposal contracts over PDI—even when PDI's prices to haul waste are cheaper than the BFI's—because of the higher price that PDI is forced to pay at the Landfill.[8]

On October 10, 2013, PDI filed suit against BFI in the 14th Judicial District Court for Calcasieu Parish, Louisiana, alleging an illegal restraint on trade and an illegal creation of a monopoly in violation of Louisiana Revised Statutes 51:122, et. seq.[9] BFI removed the action to this court on November 11, 2013, on the basis of diversity jurisdiction.[10] PDI filed a Motion for Leave to Amend [Doc 11] that was denied on May 27, 2014.[11] BFI filed the instant Motion to Dismiss [Doc. 26] pursuant Federal Rule of Civil Procedure 12(b)(6) on June 10, 2014.

## LAW & ANALYSIS

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. *See* Fed. R. Civ. Pro. 12(b)(6). The Fifth Circuit has stated that motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (additional citations omitted)).

In ruling on motions to dismiss under Rule 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine . . . in particular, documents

---

[6] Compl. [Doc. 1-2] ¶ 7.
[7] *Id.* ¶ 8.
[8] *Id.* ¶ 9.
[9] *Id.* ¶¶ 8-10.
[10] Not. of Removal [Doc. 1], at 3.
[11] *See* Mem. Order [Doc. 25]. The court also notes that the Landfill manager was dismissed as a defendant on October 21, 2014. *See* Order [Doc. 28].

2

incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Jackson v. NAACP*, No. 12-20399, 2013 U.S. App. LEXIS 20493, at *9 (5th Cir. Oct. 8, 2013) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (additional citation omitted)). "The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff." *Herbert v. Delta Airlines, Inc.*, No. 11-cv-1574, 2012 U.S. Dist. LEXIS 93848, at *6 (W.D. La. Jun. 5, 2012) (citing *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted)). However, conclusory allegations are not to be accepted as true, and courts "are not bound to accept as true a legal conclusion couched as a factual conclusion." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The allegations must "raise the right to relief above the speculative level." *Id.* at 555. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

I. **Violation of Louisiana Revised Statute 51:122**

In its complaint, PDI alleges that BFI violated Louisiana Revised Statute § 51:122 by eliminating market competition when charging itself a lower price for waste disposal at the Landfill.[12] Louisiana's antitrust statute states that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in this state is illegal." La. R.S. § 51:122(A). The antitrust statute is a counterpart to Section 1 of the Sherman Antitrust Act, and the United States Supreme Court's interpretation of the Sherman Act is therefore

---

[12] Compl. [Doc. 1-2] ¶ 8, 10.

persuasive when analyzing the Louisiana statute. *Louisiana Power & Light Co. v. United Gas Pipe Line Co.*, 493 So.2d 1149, 1158 (La. 1986).

"The Sherman Act contains a 'basic distinction between concerted and independent action.'" *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 767 (citing *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 761 (1984)). A single firm's anticompetitive conduct—short of threatened monopolization—is not actionable under Section 1 of the Sherman Act.[13] *Id.* at 775. Taking all of PDI's allegations as true, there is no allegation that BFI acted in concert with any other entity in setting prices at the Landfill. The fact that BFI charged itself less than third parties to dispose of waste at the Landfill is not sufficient to state a cause of action under La. R.S. § 51:122.

## II. Violation of Louisiana Revised Statute 51:123

Construing the complaint broadly, PDI also alleges that BFI created a monopoly in its favor in violation of Louisiana Revised Statute § 51:123.[14] This statute states that "[n]o person shall monopolize, or attempt to monopolize, or combine, or conspire with any other person to monopolize any part of the trade or commerce within [Louisiana]." La. R.S. § 51:123. As with Louisiana's antitrust statute, Louisiana's anti-monopoly statute is a counterpart to the Sherman Antitrust Act, and federal analysis of Section 2 of the Act is persuasive. *Louisiana Power & Light, Co.*, 493 So.2d at 1154; *see also Surgical Care Ctr. of Hammond, L.C. v. Hosp. Serv. Dist. No. 1 of Tangipahoa Parish*, 309 F.3d 836, 842-43 (5th Cir. 2002).

---

[13] The court notes that in *Louisiana Power & Light*, the Louisiana Supreme Court held that *Copperweld* was not controlling and that Louisiana's anti-trust law did not "except from its provisions unreasonable restraints of trade committed by a parent corporation and its partially or wholly owned subsidiary corporation." 493 So.2d at 1160. However, Section 51:122 was amended in 2003 to expressly provide that a parent corporation was not capable of conspiring with any subsidiary that it controlled and vice versa. 2003 La. Sess. Law. Serv. Act 888 (H.B. 1795) (WEST).

[14] Compl. [Doc. 1-2] ¶ 9-10.

Critically, to establish a Section 2 violation premised on the attempt to monopolize, the plaintiff must define the relevant market. *Id.* (citing *Doctor's Hosp. of Jefferson, Inc. v. Southeast Med. Alliance,* 123 F.3d 301, 311 (5th Cir. 1997)). Failure to allege a properly defined relevant market may be grounds for dismissal. *Felder's Collision Parts, Inc. v. Gen. Motors Co.,* 960 F.Supp. 617, 626 (M.D. La. 2013) (citing *Jayco Sys., Inc. v. Savin Bus. Machs. Corp.,* 777 F.2d 306, 319 (5th Cir. 1985)). At the very least, the complaint must "plausibly define the relevant product and geographic markets." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.,* 615 F.3d 412, 417 (5th Cir. 2010) (citing *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.,* 300 F.3d 620, 627 (5th Cir. 2002)).

PDI makes no allegations as to the relevant geographic market in its complaint. The closest the complaint comes to alleging any relevant geographic area is the fact that the Landfill is located in Jefferson Davis Parish. However, the relevant geographic market is comprised of the "market area in which the seller operates and to which buyers can practicably turn for supplies." *Apani,* 300 F.3d at 626 (citing *Tampa Elec. Co. v. Nashville Coal Co.,* 365 U.S. 320, 327 (1965)). Because there is no attempt to identify the relevant geographic market in the complaint, PDI fails to state a claim for relief under Louisiana Revised Statute § 51:123. Accordingly,

**IT IS ORDERED** that BFI's Motion to Dismiss [Doc. 26] be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that PDI's claims be and hereby are **DISMISSED, WITH PREJUDICE,** each party to bear its own costs.

Lake Charles, Louisiana, this 5 day of D ec. , 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE